## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARY CHAMBERS, individually, and on
behalf of all others similarly situated,

Plaintiff,

     v.

NASA FEDERAL CREDIT UNION,

Defendant.

Case No.:  1:15-cv-02013-JDB

## ANSWER TO FIRST AMENDED COMPLAINT

## NATURE OF THE ACTION

1.     In answering paragraph 1, NASA FCU admits that Plaintiff purports to bring this action as a class and representative action and that she purports to allege claims in her own right and as a class representative of others similarly situated. NASA FCU admits that Plaintiff's Complaint prays for monetary damages, restitution, and injunctive relief. NASA FCU denies the remaining allegations in paragraph 1.

## PARTIES

2.     NASA FCU lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and on that basis denies.

3.     In answering paragraph 3, NASA FCU denies that it is a state-chartered credit union.  It denies that it is headquartered in Washington D.C.  It admits that it has branches in Maryland and its Account Agreement has a Maryland choice of law provision.

4.     To the extent paragraph 4 contains any factual allegations, NASA FCU  lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and on that basis denies.

5.     NASA FCU denies the allegations in paragraph 5.

## **VENUE AND JURISDICTION**

6.      NASA FCU admits the Court has jurisdiction and that venue is proper.

## **FACTUAL ALLEGATIONS**

**A.      NFCU's Unlawful Overdraft Program**

7.      NASA FCU denies that, in connection with processing debit items, it assesses overdraft fees to all customers in all circumstances in which it determines that an account is overdrawn. NASA FCU admits the remaining allegations in paragraph 9.

8.      NASA FCU admits that the document found at http://files.consumerfinance.gov/f/ 201306_cfpb_whitepaper_overdraft-practices.pdf is titled "CFPB Study of Overdraft Programs" and that it speaks for itself. NASA FCU denies the remaining allegations.

9.      NASA FCU denies that overdraft fees are usually unfairly punitive. NASA FCU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9 and on that basis denies.

10.      NASA FCU lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and on that basis denies.

11.      NASA FCU lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 and on that basis denies.

12.      NASA FCU admits that the Federal Reserve Board enacted Regulation E in 2010. It denies the remaining allegations.

13.      Paragraph 13 calls for a legal conclusion to which no response is required. To the extent a response is required, NASA FCU denies the allegations in paragraph 13.

14.      The allegations in paragraph 14 are relevant to claims that have been dismissed. To the extent a response is required, NASA FCU denies the allegations in Paragraph 14.

15.     The allegations in paragraph 15 are relevant to claims that have been dismissed. To the extent a response is required, NASA FCU denies the allegations in Paragraph 15.

16.     The allegations in paragraph 16 are relevant to claims that have been dismissed. To the extent a response is required, NASA FCU denies the allegations in Paragraph 16.

17.     The allegations in paragraph 17 are relevant to claims that have been dismissed. To the extent a response is required, NASA FCU lacks information and belief as to the CFPB's "primary concern" and states that the CFPB's publication speaks for itself.

18.     The allegations in paragraph 18 are relevant to claims that have been dismissed. To the extent a response is required, NASA FCU denies the allegations in Paragraph 18.

19.     The allegations in paragraph 19 are relevant to claims that have been dismissed. To the extent a response is required, NASA FCU denies the allegations in Paragraph 19.

20.     The allegations in paragraph 20 are relevant to claims that have been dismissed. To the extent a response is required, NASA FCU denies the factual allegations in Paragraph 20 and states that the CFPB's publication speaks for itself.

21.     NASA FCU admits that Plaintiff purports to seek relief on behalf of herself and all others similarly situated. NASA FCU denies the remaining allegations in paragraph 21.

**B.     Unlawful Overdraft Fees Assessed to Plaintiff Mary Chambers**

22.     The allegations in paragraph 22 are relevant to claims that have been dismissed. To the extent a response is required, NASA FCU denies the allegations in Paragraph 22.

23.     The allegations in paragraph 21 are relevant to claims that have been dismissed. To the extent a response is required, NASA FCU denies the allegations in Paragraph 23 and states that the CFPB's publications speak for themselves.

24.     NASA FCU denies the allegations.

3

## CLASS ACTION ALLEGATIONS

25.     NASA FCU admits that Plaintiff purports to bring this case and each of her respective causes of action as a class action. NASA FCU denies the remaining allegations.

26.     NASA FCU admits that the Complaint proposes two potential classes. NASA FCU denies the remaining allegations.

27.     NASA FCU admits that the Complaint purports to exclude from the proposed classes any entity in which NASA FCU has a controlling interest, officers and directors of NASA FCU, this Court and any of its employees assigned to work on this case, and all employees of the law firms representing Plaintiff. NASA FCU denies the remaining allegations.

28.     Whether certification of Plaintiff's claims for class-wide treatment is appropriate calls for a legal conclusion to which no response is required. To the extent a response is required, NASA FCU denies the allegations.

29.     Paragraph 29 calls for a legal conclusion to which no response is required.  To the extent a response is required, NASA FCU denies the allegations.

30.     Whether the members of the purported Class are so numerous that a joinder of all members would be impracticable calls for a legal conclusion to which no response is required. To the extent a response is required, NASA FCU lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies.

31.     NASA FCU denies the allegations.

32.     Whether this action involves common questions of law and fact which take precedence over those questions that may only affect individual class members calls for a legal conclusion to which no response is required. To the extent a response is required, NASA FCU denies the allegations in paragraph 32.

33.     Whether Plaintiff's claims are typical of all of the members of the purported class calls for a legal conclusion to which no response is required.  To the extent a response is required, NASA FCU denies the allegations in paragraph 33.

34.     Whether Plaintiff will fairly and adequately protect the interests of the Class members calls for a legal conclusion to which no response is required.  To the extent a response is required, NASA FCU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34 and on that basis denies.

35.     The allegations in paragraph 35 call for a legal conclusion to which no response is required. To the extent a response is required, NASA FCU denies the allegations in paragraph 35.

36.     The allegations in paragraph 36 call for a legal conclusion to which no response is required.  To the extent a response is required, NASA FCU denies the allegations in paragraph 36.

37.     The allegations in paragraph 37 call for a legal conclusion to which no response is required.  To the extent a response is required, NASA FCU denies the allegations in paragraph 37.

## FIRST CAUSE OF ACTION

### (For Breach of Contract)

38.     NASA FCU's answers to paragraphs 1 through 37 are re-alleged and incorporated by reference.

39.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, NASA FCU denies the allegations.

40.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, NASA FCU denies the allegations

5

38.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 38 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

39.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 39 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

40.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, NASA FCU denies the allegations.

41.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, NASA FCU denies the allegations as they call for legal conclusions to which no response is required.  To the extent the paragraph alleges any facts, NASA FCU denies them.

42.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, NASA FCU denies them.

43.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, NASA FCU denies them.

44.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, NASA FCU denies them.

## <u>SECOND CAUSE OFACTION</u>

### (For Breach of the Covenant of Good Faith and Fair Dealing)

45.     NASA FCU's answers to paragraphs 1 through 44 are re-alleged and incorporated by reference.

6

46.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, NASA FCU admits its Account Agreement covers overdrafts and denies the remaining allegations.

47.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, NASA FCU denies the allegations.

48.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 48 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

49.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 49 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

50.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 50 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

51.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 51 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

52.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 52 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

**THIRD CAUSE OF ACTION**

**(For Violation of District of Columbia Consumer Protection Procedure Act
D.C. Code § 28-3901 *et eq.*)**

53.    NASA FCU's answers to paragraphs 1 through 52 are re-alleged and incorporated by reference.

54.    These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 54 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

55.    These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, NASA FCU denies them.

56.    These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 56 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

**FOURTH CAUSE OF ACTION**

**(For Violation of Maryland Consumer Protection Act
RCW Md. Code Ann. Comm. Law § 13-301 *et seq.*)**

57.    NASA FCU's answers to paragraphs 1 through 56 are re-alleged and incorporated by reference.

58.    These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 58 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

59.    These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 59 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

60.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 60 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment/Restitution)

61.     NASA FCU's answers to paragraphs 1 through 60 are re-alleged and incorporated by reference.

62.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, NASA FCU denies the allegations.

63.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 63 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

## SIXTH CAUSE OF ACTION

### (For Money Had and Received)

64.     NASA FCU's answers to paragraphs 1 through 63 are re-alleged and incorporated by reference.

65.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 65 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

66.     These allegations are relevant to a claim that has been dismissed.  To the extent a response is required, paragraph 66 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

## SEVENTH CAUSE OF ACTION

### (Violation of Electronic Funds Transfer Act)

67.     NASA FCU's answers to paragraphs 1 through 66 are re-alleged and incorporated by reference.

68.     These allegations are relevant to a theory that has been dismissed.  To the extent a response is required, paragraph 68 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

69.     These allegations are relevant to a theory that has been dismissed.  To the extent a response is required, paragraph 69 calls for a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, NASA FCU denies them.

70.     NASA FCU denies the allegations.

71.     Paragraph 71 calls for a legal conclusion to which no response is required.  To the extent the paragraph contains factual allegations, NASA FCU denies them.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     Plaintiff and the putative class members are not entitled to recover under the causes of action asserted because the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     Plaintiff and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations.

10

## THIRD AFFIRMATIVE DEFENSE

(Standing)

3.      Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert claims in her own behalf or on behalf of putative class members.

## FOURTH AFFIRMATIVE DEFENSE

(Waiver)

4.      Plaintiff and putative class members are barred from obtaining any relief because they knowingly and voluntarily waived the rights Plaintiff now attempts to assert.

## FIFTH AFFIRMATIVE DEFENSE

(Laches)

5.      Plaintiff and putative class members are barred from obtaining any relief by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

6.      Plaintiff and putative class members' recovery is limited or barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

7.      Plaintiff and putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

8.      Plaintiff and putative class members' recovery is limited or barred due to their failure to mitigate their damages, if any.

## NINTH AFFIRMATIVE DEFENSE

### (Preemption)

9.     Plaintiff and putative class members' claims are preempted, in whole or in part, by federal law.

## TENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

10.     Plaintiff and putative class members' claims are barred, in whole or in part, because NASA FCU complied with all applicable laws and regulations and used the appropriate model forms.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

11.     Plaintiff's request for injunctive relief on behalf of herself and putative class members is barred because there is an adequate legal remedy for the claims asserted.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Give Required Notice)

12.     Plaintiff and putative class members are not entitled to recover because they failed to properly provide notice required by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

13.     The Complaint's fifth cause of action for negligence is barred because Plaintiff and putative class members assumed the risk of the injury alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

14.     Plaintiff and putative class members' recovery on the Complaint's fifth cause of action for negligence is limited or barred by the doctrine of comparative negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

15.     Plaintiff and putative class members' recovery is limited or barred because they owe NASA FCU money.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

16.     Plaintiff and putative class members' claims are barred, in whole or in part, because they acquiesced in the conduct complained of.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

17.     Plaintiff and putative class members' claims are barred, in whole or in part, because they have been unjustly enriched.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

18.     Plaintiff and putative class members' claims are barred, in whole or in part, under the voluntary payment doctrine.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reasonable Commercial Standards)

19.     Plaintiff and putative class members' claims are barred, in whole or in part, because NASA FCU acted in accordance with reasonable commercial standards.

## TWENTIETH AFFIRMATIVE DEFENSE

(Course of Dealing)

20.     Plaintiff and putative class members are barred from challenging NASA FCU's interpretation, application, and implementation of the terms and provisions of the contracts governing their accounts (including whether NASA FCU's interpretation, application, and implementation were in accordance with any obligation of good faith and fair dealing) because Plaintiff and putative class members acquiesced in NASA FCU's interpretation, application, and implementation of the contractual terms and provisions as a course of dealing, and benefited from NASA FCU's interpretation, application, and implementation of the contractual terms and provisions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Unintentional Violation/Bona Fide Error)

21.     Plaintiff and putative class members' claims are barred because any violation by NASA FCU was unintentional and resulted from a good faith error notwithstanding the fact that it maintained procedures reasonably adapted to avoid any such error.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Good Faith)

22.     Plaintiff and putative class members' claims are barred because NASA FCU's actions and/or omissions were done in good faith in conformity with rules, regulations, or interpretations by the Consumer Financial Protection Bureau, Federal Reserve Board, or Federal Reserve System authorized by the Bureau or Board to issue such interpretations or approvals. Any failure by NASA FCU to make a disclosure in proper form was caused by NASA FCU's use of an appropriate model clause issued by the Bureau or Board.

## RESERVATION OF RIGHTS

NASA FCU expressly reserves its right to amend this Answer or allege additional affirmative defenses after conducting further discovery, investigation and research.

## PRAYER FOR RELIEF

**WHEREFORE**, NASA FCU respectfully requests that:

1.      Plaintiff have and recover nothing;

2.      Any request for class certification be denied;

3.      Judgment be entered in favor of NASA FCU and against Plaintiff;

4.      NASA FCU be awarded its costs and reasonably attorneys' fees as may be recoverable under claims asserted by Plaintiff; and

5.      The Court award all other relief that the Court deems just and proper.

Respectfully submitted,

Dated:  November 4, 2016          **GORDON FEINBLATT LLC**

By:   */s/ George F. Ritchie*
George F. Ritchie (DC Bar #MD22408)
233 E. Redwood Street
Baltimore, MD 21202
Telephone:   410-576-4131
Fax:   410-576-4269
Email:  gritchie@gfrlaw.com


**KATTEN MUCHIN ROSENMAN LLP**

By:  /s/ Stuart M. Richter
Stuart M. Richter  (admitted pro hac vice)
Andrew J. Demko (admitted pro hac vice)
2029 Century Park East, Suite 2600
Los Angeles, CA  90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471
Email:  stuart.richter@kattenlaw.com
andrew.demko@kattenlaw.com

*Attorneys for Defendant NASA Federal Credit Union*